# Exhibit 3

Filed: 12/10/2019 12:53 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 39124939
By: Lisa Kelly
12/11/2019 8:56 AM

NO. 19-CV-2242
_____

| | | |
|---|---|---|
| **GRACIE LEE PRICE** | § | IN THE DISTRICT COURT |
| | § | Galveston County - 10th District Court |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | \_\_\_\_TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| **CARNIVAL CRUISE LINES** | § | |
| | § | OF GALVESTON COUNTY, TEXAS |
| **Defendants.** | | |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Gracie Lee Price, hereinafter called Plaintiffs, complaining of and about Carnival Cruise Lines, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Gracie Lee Price, is an Individual whose address is Brazoria County, Texas. The last three numbers of Gracie Lee Price's driver's license number are 897. The last three numbers of Gracie Lee Price's social security number are 459.

3. Defendant Carnival License Holdings Limited doing business as Carnival Cruise Lines is a duly organized corporation doing business in the State of Texas and may be served with process via Certified Mail through its registered agent National Registered Agents, Inc., 1919 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever it may be found.

Status Conference set 3-05-20

1

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. Plaintiff seeks damages for personal injury including the following:

    a. Physical pain;

    b. Mental anguish;

    c. Medical Expenses

Including damages, of any kind, penalties, costs, expenses, pre-judgment interest.

6. This court has jurisdiction over the parties because Defendant is a duly authorized corporation during business in the State of Texas.

7. Venue in Galveston County, Texas is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8. On or about February 28, 2019, Plaintiff, a passenger on the cruise ship named Valor, while still in port in Galveston, Texas fell on two shinning objects protruding from the floor on her face, hurting her face, head and body generally.

9. The two protruding objects were in the walkway of the ship where passengers walked resulting in Plaintiff being injured.

10. Plaintiff has received medical treatment for injuries suffered in this fall while on the Carnival Cruise Line ship named Valor as result of its negligence.

## PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY

11 Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Defendant owed a duty of good faith and fair dealing to Plaintiff. Defendant breached that fiduciary duty in that:

a. The ship was not safe for the Plaintiff in that the walkway had objects protruding out to it where Plaintiff and other passengers walked;

b. Defendant did not make reasonable use of the confidence that Plaintiff placed upon it;

c. Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty towards Plaintiff

d. Defendant did not place the interests of Plaintiff before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiff's expense

e. Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or;

Defendant is liable for Plaintiff's damages for breach of fiduciary duty, and as such damages were objectively caused by the Defendant's conduct. Further Defendant's ship Valor by its condition proximately caused Plaintiff's damages.

### PLAINTIFF'S CLAIM FOR MISREPRESENTATION

12. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

To prove an action for negligent misrepresentation, the plaintiff must establish the defendant made a representation to the plaintiff in the course of the defendant's business or in a transaction in which the defendant had an interest. To prove an action for negligent misrepresentation, the plaintiff must establish the defendant did not use reasonable care in obtaining or communicating the information. *Sloane, 825 S.E.3d at 442*; *Restatement of Torts*

*(2d) section 552 cmt.e*. What is reasonable will depend on the circumstances. Honesty or good faith is not a defense to a claim of negligent misrepresentation. *D.S.A, Inc. v. Hillsboro ISD*, 973 S.W. 2d 662, 664 (Texas 1998). To be actionable, the defendant's representation need only be false by accident. *Milestone Props. V. Federated Metals,* 867 S.W. 2d 113, 119 (Tex. App.---- Austin 1993, no writ); *Susser Pet. Co. vs. Latina Oil Corp.*, 574 S.W.2d 830, 832 (Tex. App.___ Texarkana 1978, no writ). To prove an action for negligent misrepresentation, the plaintiff must establish it justifiably relied on the defendant's misrepresentation. See *Sloan, 825 S.W.2d at 442; Hendricks v. Thornton*, 973 S.W.2d 348,361-63 (Tex.___Beaumont 1998, pet, denied. In this case Defendant failed to disclose that the premises on the ship on which Plaintiff was a passenger and posed a danger to Plaintiff's health. As a result of Defendant's nondisclosure Plaintiffs suffered injuries and damages of which they now complain.

13. Plaintiff hereby incorporates all the above paragraphs as if fully set forth herein. Defendant, is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her detriment. As a result, Plaintiff suffered damages, including but not limited to Physical pain; Mental anguish; Medical Expenses and breach of contract. Specifically, and as a proximate cause and result of this misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff. Plaintiff sustained damages in excess of the minimum jurisdictional limits of this Court.

### PLAINTIFF'S COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

14. Plaintiff hereby incorporates by references all facts and circumstances set forth under the foregoing paragraphs.

To prove an action for common-law fraud, the plaintiff must establish the defendant was responsible for a false representation. The plaintiff must establish the defendant made a false representation to the plaintiff, either directly or indirectly. Neuhaus v. Kain, 557S.W. 2d. 125, 138 (Tex.___Corpus Christi 1977, writ ref'd n.r.e); American Indem, Co. Ernst & Eenst, 106 S.W. 2d. 763,765 (Tex. App.___Waco 1937, writ ref'd.). Defendant was responsible for false representation regarding the maintenance of the ship on which the Plaintiff was a passenger. Defendant perpetrated fraud by not disclosing that premises on the ship on which Plaintiff was a passenger had a dangerous condition that existed in the hallway where Plaintiff would have to walk. Plaintiff relied on the misrepresentation which resulted in Plaintiff's injuries and damages.

15. Plaintiff would show that Defendant perpetrated fraud by misrepresentation (either Intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representation that ultimately resulted their injuries and damages. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of those facts.

Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff. Plaintiff sustained damages in excess of the minimum jurisdictional limits of this Court.

By reason of Plaintiff's reliance on Defendant's fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this petition,

**BREACH OF CONTRACT**

16. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

17. The contractual obligations of Plaintiff have been fully performed.

18. Defendant has failed to perform their contractual obligations, specifically, failed to repair the hallway with the objects protruding out the hallway floor on the ship prior to Defendant selling Plaintiff a ticket.

19. Damages are an adequate remedy for the Defendant's breach of the contract because the Defendant knew of the condition of the hallway on the ship prior to Plaintiff coming onto the ship..

20. In the alternative, Defendant's breach of contract described hereinabove has injured Plaintiff, causing her to expend monies and caused pain and suffering toher body as stated above.

## PLAINTIFF'S CLAIM OFNEGLIGENCE AGAINST CARNIVAL LICENSE HOLDINGS LIMITED DOING BUSINESS AS CARNIVAL CRUISE LINES

21. Plaintiff hereby incorporates by references all facts and circumstances set forth under the foregoing paragraphs.

22. Defendant Carnival License Holdings Limited doing business as Carnival Cruise Lines had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to Plaintiff under the circumstances similar to those described herein.

23. Plaintiff's injuries were proximately caused by Defendant Carnival License Holdings Limited doing business as Carnival Cruise Line's negligence, careless and reckless disregard of said duty.

24. The negligent, careless and reckless disregard of duty of Defendant Carnival License Holdings Limited doing business as Carnival Cruise Lines consisted of, but is not limited to, the following acts and omissions:

  A. Defendant Carnival License Holdings Limited doing business as Carnival Cruise Line's failed to maintain its ship in a non-negligent manner as to avoid injuring Plaintiff as a person of ordinary prudence under the same or similar circumstances;

  B. Defendant Carnival License Holdings Limited doing business as Carnival Cruise Lines failed to warn Plaintiff of the existence of a dangerous condition that could cause Plaintiff injuries as a person using ordinary prudent care would have done;

  C. Defendant Carnival License Holdings Limited doing business as Carnival Cruise Lines failed to inspect the premises on the ship and keep such ship in reasonable repair as a person of ordinary prudence under the same or similar circumstances;

25. Plaintiff's injuries were proximately caused by Defendant Carnival License Holdings Limited doing business as Carnival Cruise Line's negligence, careless and reckless disregard of its duty under the facts of this case.

## DAMAGES FOR PLAINTIFF GRACIE LEE PRICE

26. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Gracie Lee Price was caused to suffer injuries to her body, and to incur the following damages:

  A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Gracie Lee Price for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Galveston and Harris County, Texas;

  B. Physical pain and suffering in the past;

  C. Mental anguish in the past.

  D. Breach of Contract.

## DISCOVERY REQUESTS

## REQUEST FOR DISCLOSURE PURSUANT TO TRCP RULE 194.2

Plaintiff further files this Request for Disclosure upon Defendants, Carnival License

Holdings Limited doing business as Carnival Cruise Lines pursuant to rule 194.2 (a) – (k) of the Texas Rules of Civil Procedure.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Gracie Lee Price respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s/ *Harrison R. Fisher, Sr.*

By: _____
Harrison R. Fisher, Sr.
Texas Bar No. 07051450
Email: fisherlawhrf@aol.com
2646 South Loop West, Suite 260
Houston, TX 77054
Tel. (713) 665-7282
Fax. (713) 665-4103
E-Mail: fisherlawhrf@aol.com
Attorney for Gracie Lee Price

## JURY DEMAND

Pursuant to Rule 216 of the Texas Rules or Civil Procedure, Plaintiffs respectfully request and demand a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

8